IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI L. HARRISON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-4553 |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 13th day of January, 2017, upon consideration of Plaintiff Terri L. Harrison's Motion for Summary Judgment and Request for Review, the Commissioner of Social Security's response, and Harrison's reply, and after careful and independent review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell, Harrison's objections, and the Commissioner's response, it is ORDERED:

1. Harrison's objections to the Report and Recommendation (Document 19) are OVERRULED[1];

---

[1] Harrison seeks review of the denial of her application for a period of disability and Disability Insurance Benefits and her application for Supplemental Security Income by the Commissioner of Social Security. In a decision issued on March 4, 2013, an Administrative Law Judge (ALJ), applying the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled, *see* 20 C.F.R. §§ 404.1520, 416.920, concluded Harrison was not disabled at any time during the relevant period. The ALJ found Harrison suffered from the following severe impairments: (1) major depression disorder; (2) anxiety disorder; (3) HIV+; and (4) history of alcohol abuse. However, the ALJ concluded these impairments did not meet or medically equal any of the listed impairments. Upon consideration of the record, including Harrison's medical records and hearing testimony, as well as the hearing testimony of a vocational expert, the ALJ concluded Harrison retained the residual functional capacity (RFC) to perform light work, subject to the additional limitations that she requires simple and repetitive work involving no teams and no more than minimal contact with the public. Based on this RFC assessment, the ALJ found Harrison was capable of performing past relevant work as a hand packer and/or commercial cleaner.

In her request for review, Harrison argues the ALJ's decision is not supported by substantial evidence because the ALJ (1) failed to properly consider all of Harrison's ailments, namely peripheral neuropathy and (2) erred in affording great weight to the opinion of Dr. Fred Tehrani, a non-treating source. On November 5, 2015, Judge Angell issued a Report and

Recommendation (R&R) addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits be affirmed.  Harrison filed objections to the R&R, reasserting the two issues raised in her request for review.

Under 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  Upon de novo review of the record, this Court finds Harrison's objections meritless.

As to the first issue, the Court agrees with the Magistrate Judge that the ALJ did not err in declining to find Harrison's peripheral neuropathy was a severe impairment, or in accounting for Harrison's complaints related to peripheral neuropathy in evaluating her RFC.  The record shows Harrison was diagnosed with peripheral neuropathy, which was being treated with medication, but doctors' notes indicated Harrison was not complaining of pain, and was in fact "doing well," during the relevant time period.  *See* R&R 10 (citing R. at 357, 420, 428, 480, 490).  The record is devoid of any medical opinion concerning pain or functional limitation due to peripheral neuropathy.  *See id.* at 9.  Although Harrison complained of pain in her hearing testimony, the Court grants deference to the ALJ's finding that Harrison's self-reported daily and work activities, as well as the medical record, are inconsistent with her subjective complaints.  *See Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983) ("[T]he ALJ is empowered to evaluate the credibility of witnesses[.]"); 20 CFR § 404.1529(c)(4).  The ALJ therefore had substantial evidence to exclude peripheral neuropathy as a severe impairment, and to find that any pain Harrison experienced did not affect her RFC.  *See Hughes v. Comm'r of Soc. Sec.*, 297 F. App'x 123, 125 (3d Cir. 2008) (finding substantial evidence supported the ALJ's conclusion that an impairment was not severe where plaintiff's complaints of pain were unsupported by any objective medical evidence); *Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002) (holding that substantial evidence supported the ALJ's rejection of plaintiff's complaints of pain where there existed "contradictory testimony and [a] lack of significant medical evidence or a medical opinion fully supporting his subjective assessment"); *Higgins v. Astrue*, No. 07-300, 2009 WL 691028, at *4 (W.D. Pa. Mar. 16, 2009) ("[I]t is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.") (citing *Jones v. Sullivan,* 954 F.2d 125, 129 (3d Cir.1991)); 20 C.F.R. §§ 404.1508, 404.1527, 404.1528.

Harrison argues that even if peripheral neuropathy is non-severe, the ALJ erred by failing to assess the condition.  Pl.'s Objs. 3.  An ALJ "must consider all evidence before him" and provide "some indication of the evidence which he rejects and his reason(s) for discounting such evidence."  *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).  "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."  *Id.* (internal quotation marks and citation excluded).  District courts in this Circuit have held that, "[a]t the very least, the ALJ [i]s required to address each diagnosis and offer some explanation as to why he did or did not afford it significant weight."  *Dixon v. Brarnhard*, No. 03-5291, 2005 WL 113411, at *7 (E.D. Pa. Jan. 19, 2005); *see also Gonzalez v. Colvin*, No. 13-6714, 2015 WL 1501624, at *2 (E.D. Pa. Jan. 26, 2015).

In this case, the ALJ failed to directly address Harrison's diagnosis of peripheral neuropathy, mentioning only that Harrison self-reported "neuropathy of the hands and legs" to Dr. Lori Hart.  R. at 106-07.  The ALJ also mischaracterized Harrison's testimony, stating, "[Harrison] said that as a result of the car accident, she has pain in her back, hands, legs, chest

2. The Report and Recommendation (Document 18) is APPROVED and ADOPTED;

3. Harrison's Motion for Summary Judgment and Request for Review (Document 10) is DENIED;

4. Judgment is entered affirming the decision of the Commissioner of Social Security; and

---

and feet." *Id.* at 109.  In fact, Harrison attributed only her back pain to the car accident, and attributed her hand, leg, and foot pain to peripheral neuropathy. *Id.* at 25.  Nevertheless, the ALJ expressly addressed Harrison's reported pain and asserted limitations due to her hand pain—namely difficulty washing dishes and frequent dropping of things—but found those subjective complaints unsupported by the record.  The Court is therefore able to conclude that "significant probative evidence" was not "simply ignored," *Burnett*, 220 F.3d at 121, as the ALJ expressly considered Harrison's complaints of pain resulting from her peripheral neuropathy in evaluating Harrison's RFC.  *Compare Gonzalez*, 2015 WL 1501624, at *2 (remanding where the ALJ's failure to mention plaintiff's hepatitis C diagnosis or consider its possible symptoms precluded the court from discerning whether the ALJ evaluated that evidence or could have reached a different conclusion had he considered such evidence); *Dixon*, 2005 WL 113411, at *7 (remanding where the ALJ failed to address "several serious medical impairments noted by [p]laintiff's treating physicians," ignored "observations accompanying the reports express[ing] doubt about [p]laintiff's ability to function" and credited only parts of certain medical reports).

As to the second issue, the Court agrees with the Magistrate Judge that the ALJ did not err in her assessment of Dr. Tehrani's report.  Harrison argues the ALJ inappropriately relied on Dr. Tehrani's opinion, which is "laden with errors that undermines [its] reliability." Pl.'s Br. 13; *see* Pl.'s Objs. 5-6.  Harrison contends an ALJ's decision based on factual errors in a medical opinion must be remanded, citing *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 353, 355 (3d Cir. 2008).  In *Brownawell*, the ALJ rejected two treating physicians' opinions based "in large part on evidence that does not exist," and instead assigned great weight to a non-examining doctor whose opinion contained errors pertinent to the doctor's disability finding.  The Third Circuit found that "[e]valuation of the medical evidence as a whole," including the discredited opinions, demonstrated the non-treating doctor's opinion "should not have carried such weight," and warranted remand.  *Id.* at 357.  Here, however, as noted by the Magistrate Judge, the ALJ did not adopt Dr. Tehrani's findings.  *See* R&R 13.  Even if the ALJ assigned Dr. Tehrani's report great weight without so stating, the report is not inconsistent with other medical opinions in the record.  Moreover, the ALJ did not rely or base her opinion on the three alleged errors identified by Harrison—concerning her weight, her cigarette smoking, and her IV drug abuse.

Accordingly, the Court adopts the Magistrate Judge's R&R and denies Harrison's request for review.

5.  The Clerk of Court is directed to mark this case CLOSED.


                              BY THE COURT:


                               /s/ Juan R. Sánchez
                              Juan R. Sánchez, J.